state, are literally, and in the sense of the law, public officers.

2d. That the construction contended for by the petitioner's counsel, that he might be declared a bankrupt, and be discharged of all his debts except that which he owes in consequence of his defalcation as a public officer, and of it, also, or not, as the creditor might elect to prove it against his bankrupt estate or stand off, was not maintained, because the declaration on the 4th section, that the "discharge and certificates shall be a full and complete discharge of all debts, contracts, and other engagements of the bankrupt which are provable under this act," does not leave the effect of the discharge in bar of any debts whatever, to depend upon whether it be proved by the creditor and claimed against the estate or not; that this form of expression could not have been employed to narrow the effect of the certificate, but was probably selected to embrace all contingent and uncertain demands, the holders of which expressly permitted by the succeeding section "to come in and prove under the act."

3d. That the object was most manifestly to exclude every person owing debts in consequence of his defalcation as a public officer, which in officers of the federal government they had, but six days before, declared should be henceforth deemed a felony, together with all other persons coupled with them in the exclusion from entering this door of the court with their own original petitions for the benefit of the act.

### Case No. 7,366.

Ex parte JOHNSON et al.

### Case No. 7,367.

Ex parte JOHNSON.

[1 Wash. C. C. 47.] [1]

Circuit Court, D. Pennsylvania. April Term, 1803.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. I have no doubt but that Johnson was sent to the grand jury from the best motives on the part of the attorney, but I cannot say that I approve of the practice, and would not have permitted it, had the subject been mentioned in court. As the indictment, when found, amounts to nothing more than calling upon the accused to answer, it is highly improper that the grand jury in their retirement, and without the legal aid of the court as to what is and what is not proper testimony, should in fact decide the cause, which they do if they through mistake of the law should not find the bill. The accused having the benefit of a speedy, candid, and open trial, under the direction of the court, where all his witnesses are heard, can suffer no inconvenience from this rule. If therefore the attorney chose to make use of the defendant's witness, and marked him on the indictment as a witness for the prosecution, he must be paid by the United States.

### Case No. 7,368.

In re JOHNSON.

[Betts' Scr. Bk. 62.]

Circuit Court, D. Cape Fear, North Carolina. Aug. 15, 1842.

DANIEL, Circuit Justice. In this case it is stated by the district judge that the petitioner, having been previously decreed a bankrupt, on the 25th day of April, 1842, filed a petition for a final discharge and certificate in the clerk's office of the district court of Cape Fear, and on the 2d day of May, 1842, moved, by his attorney, in open court, that a day might be named for the